### GLENS FALLS MACHINE WORKS v. ROBINSON et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

CONTRACTS (§ 294*)—CONSTRUCTION OF PATENTED ARTICLE—DEFECTS—COMPENSATION.

   Where a party undertook to construct a recently patented machine from a model, under a contract making it a joint venture from which, if successful, the returns to all parties would be large, and, if a failure, he was to receive about 25 per cent. of the actual cost, and where he constructed the machine mainly according to the model, and in a manner acquiesced in by the other contracting parties, and it proved a failure, the fact that there was a slight deviation from the model, which could have been easily corrected on suggestion made, did not bar his right to recover the amount agreed upon in case of failure.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1352, 1357–1361; Dec. Dig. § 294.*]

Appeal from Trial Term, Warren County.

Action by the Glens Falls Machine Works against Orville C. Robinson and another. From a judgment of the Supreme Court, entered January 31, 1912, without a jury, dismissing plaintiff's complaint upon the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. Prior King, of Glens Falls, for appellant.
Wyman S. Bascom, of Ft. Edward, for respondents.

HOUGHTON, J.  We think the learned trial court placed too strict a construction upon the contract between the parties.  The machine which the plaintiff agreed to construct from a model had been recently patented, and it was not known whether it would be a practical success or not.  The building of it was in effect a joint venture of the plaintiff and the defendants.  If it was a success, all parties expected to make a large amount of money.  If it was not a success, the defendants agreed to pay the plaintiff $200, which turned out to be about 25 per cent. of the cost.  It was a failure, and in its building and attempted operation the defendants made suggestions and acquiesced to a greater or less extent respecting the manner of its construction.  The principal deviation from the model claimed is that the rollers were of equal, instead of unequal, diameter.  This was a very minor affair, and could have been easily corrected, if any one had suggested that that was the reason why the machine did not operate as expected.

The judgment should be reversed upon the facts, and a new trial granted, with costs to the appellant to abide the event, the particular questions of fact of which the court disapproves being those numbered XX and XXI.  All concur.